*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF GREGORY MESSENGER, by
PATRICIA J. L. MESSENGER, Personal
Representative, and MAINS CONSTRUCTION
LLC,

        Plaintiffs-Appellants,

v

ATAIN INSURANCE COMPANY,

        Defendant-Appellee,

and

BERKSHIRE AGENCY, INC.,

        Defendant.

UNPUBLISHED
December 26, 2019

No. 344690
Oakland Circuit Court
LC No. 2017-158286-CK

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

GLEICHER, J. (*concurring*).

Defendant Atain Insurance Company issued a commercial general liability (CGL) insurance policy to plaintiff Mains Construction, LLC, a general contractor. Atain denied coverage under the CGL policy and refused to indemnify Mains for a stipulated judgment in a wrongful death action filed by the Estate of Gregory Messenger. The underlying facts are not in dispute. Messenger was employed by a subcontractor, NBI Construction Services, Inc., as a sheet metal fabricator and welder. Mains entered into a contract with a concrete manufacturing company to reline a silo with steel plating. Mains subcontracted with NBI. Messenger died of smoke inhalation when a fire broke out on the job site. His estate asserted negligence claims against the concrete company and Mains, and an intentional tort claim against NBI.

Mains tendered its defense to Atain. Atain filed this action, seeking a declaration that it owed no duty to defend or indemnify. The sole issue presented is whether the trial court correctly granted summary disposition in Mains' favor. Although I agree with the majority that summary disposition was appropriate, I write separately.

Mains' CGL policy provides coverage for bodily injury, including death, "to which this insurance applies." Unfortunately for Mains, the policy as written applies to very few risks. Not surprisingly, the policy contains a workers' compensation exclusion, which excludes general liability insurance coverage for Mains' own employees. This exclusion makes sense, as workers' compensation damages are supposed to be covered under a workers' compensation insurance policy. The Atain policy also contains an "endorsement" modifying the workers compensation exclusion. The "endorsement" actually operates as an expansive exclusion, substantially limiting policy coverage by eliminating coverage for injuries to the employees of Mains' subcontractors attributable to Mains' negligence.[1]

I concur with the majority's conclusion that there is no coverage available under the policy. The operative language of the "endorsement" excludes coverage when Mains' jobsite negligence injures virtually any worker on the jobsite. Relevant here and read in context, the policy shields Atain from indemnifying Mains for "[b]odily injury to an . . . employee of any subcontractor . . . arising out of and in the course of . . . service to any insured for which any insured may be held liable as an employer or in any other capacity." Messenger was the employee of a subcontractor and was providing a "service" to Mains. Legally, Mains could be held liable for its negligence in its "capacity" as the on-site general contractor. The exclusion unambiguously eliminates coverage for that negligence.

What is covered? According to Atain, coverage exists only for bodily injuries to passersby, delivery persons, architects or engineers, employees of another contractor, the site owner, the site owner's employees, and "people in a neighboring property." Most construction sites are closed or inaccessible to the public, rendering the risk of covered injuries rather small. But according to the endorsement, Mains has no coverage for the most common risk it faces—a lawsuit brought by an employee of a subcontractor arising out of its own negligence—as in this case. So much for the "general" commercial liability policy Mains thought it had purchased for approximately $4,000.

"Subcontractors supply the majority of labor on construction projects. If a subcontractor's employee is harmed during the course of working on a project, it is not unusual for a claim to arise." Bruner & O'Connor, Construction Law, § 11:308. "The owner and general contractor are common targets." *Id*. See also *Atlantic Cas Ins Co v Paszko Masonry, Inc*, 718 F3d 721, 724 (CA 7, 2013) ("[T]he vast majority of persons at such a site—and the persons most likely to be injured there—are construction workers, employed by contractors or subcontractors. . . .").

The Seventh Circuit observed in *Atlantic Cas:* "We don't understand the attraction of an insurance policy such as Atlantic's that contains such a broad exclusion[.]" *Id*. at 725. The liability insurance benefits afforded by the Atain policy are equally opaque. With the exclusion, the policy's narrow liability coverage renders it almost worthless.[2] This case—along with others

---

[1] In contrast, the "coverage form" of the policy provides broad coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." The stated limit of liability is $1,000,000.00

[2] Gilbert Mains, the owner of Mains Construction, LLC, likely thought he had coverage, as the primary purpose of a commercial general liability insurance policy is general coverage for most

construing the same language and reaching the same result, such as *Certain Interested Underwriters at Lloyd's, London v Stolberg*, 680 F3d 61 (CA 1, 2012)—offers a cautionary tale for every party to a construction contract. Bruner explains:

> Broadly-crafted employee exclusions depart from the original rationale justifying the exclusion. The purpose of the exclusion is to avoid duplicative coverage. Where the exclusion is broadly crafted to capture the employees of construction participants who are not shielded from liability under the jurisdiction's workers' compensation laws, the justification for the exclusion no longer applies. Thus, where an additional insured, such as an owner or general contractor, is denied coverage because the employee exclusion applies notwithstanding the fact that the owner and general contractor are not shielded by the workers' compensation laws, the additional insured coverage does not achieve one of its principal goals as the parties must now dispute liability and responsibility for the injury. [Bruner & O'Connor, Construction Law, § 11:308.]

Policy provisions such as the one at issue here do not reduce tort litigation. Rather, they realign the liability calculus such that those least able to police job safety on the site (such as a property owner or an insurance agent) wind up bearing the burden of paying for the negligence of the contractor, the party best suited to protect workers. Alternatively, the injured worker is never adequately compensated.

/s/ Elizabeth L. Gleicher

---

foreseeable risks. Of course, Michigan law renders his reasonable expectations irrelevant. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 63; 664 NW2d 776 (2003).